UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ARROWHEAD CAPITAL FINANCE, LTD.,
          Plaintiff,

    - against -

SEVEN ARTS ENTERTAINMENT, INC., and
SEVEN ARTS FILMED ENTERTAINMENT
LOUISIANA LLC,
          Defendants

Case No. 1:14-CV-06512-KPF
**Hon. Katherine Polk Failla**

-------------------------------------------------------------------------x

## NOTICE OF RENEWED MOTION OF PLAINTIFF JUDGMENT CREDITOR ARROWHEAD CAPITAL FINANCE, LTD. FOR TURNOVER AND ATTACHMENT OF ASSETS OF AND RELATED RELIEF AGAINST DEFENDANTS SEVEN ARTS ENTERTAINMENT, INC. AND SEVEN ARTS FILMED ENTERTAINMENT LOUISIANA LLC

**PLEASE TAKE NOTICE** that upon the Memorandum of Law in Support of the Motion of Plaintiff Arrowhead Capital Finance, Ltd. ("Arrowhead") for Turnover Order and Order of Attachment previously filed on December 28, 2016 [Dkt. #166] and the Affidavit of Barry L. Goldin, Esq. sworn the 1st day of December, 2016 and the exhibits thereto [Dkt. #167 *et seq*], and on all prior proceedings and matters of record in this case including (without limitation) the May 2, 2017 Opinion and Order of the Court [Dkt. #195], plaintiff Arrowhead will move this Court in Courtroom 618 at the United States Courthouse, 40 Foley Square, New York, New York for an order pursuant to Rule 69 of the Federal Rules of Civil Procedure, related provisions of the New York Civil Practice Law and Rules, and such other provisions of law as may be applicable, granting plaintiff Arrowhead the following relief:

1

1. An Order requiring defendant judgment debtors Seven Arts Entertainment, Inc. also known as Wireless Connect, Inc. ("SAE") and Seven Arts Filmed Entertainment Louisiana LLC ("SAFELA") to immediately turn over and deliver to plaintiff judgment creditor Arrowhead's counsel:

> (i) the stock certificate(s) evidencing ownership of 4,500,000 shares of The Movie Studio, Inc. which have been acquired or owned by SAE, duly endorsed for transfer, whereupon they may be attached by plaintiff Arrowhead; and

> (ii) the certificates evidencing and other indicia of ownership of all membership interests in Seven Arts Filmed Entertainment Louisiana LLC which have been acquired or owned by SAE, constituting not less than 60% of the membership interests of SAFELA, all duly endorsed for transfer, whereupon they may be attached by plaintiff Arrowhead; and

> (iii) the Multi-Picture Distribution Agreement between SAE and SAFELA dated as of October 1, 2013 (the "Multi-Picture Distribution Agreement") and all rights of and obligations owed from time to time to SAE or to SAFELA thereunder or with respect thereto, whereupon they may be attached by plaintiff Arrowhead.

3. An Order restraining and prohibiting SAE and its officers, directors, employees and agents and also restraining SAFELA and its members, managers, employees and agents from:

> (i) pledging, hypothecating, selling, transferring or otherwise disposing of any right, title or interest in the 4,500,000 shares of The Movie Studio which have been acquired or owned by SAE;

> (ii) amending or otherwise adversely affecting any right, title or interest in or with respect to membership interests in SAFELA which have been acquired or owned by SAE; and

> (iii) amending or otherwise adversely affecting any right, title or interest in or with respect to rights of or obligations owed from time to time to SAE or to SAFELA under the Multi-Picture Distribution Agreement.

3. An Order requiring defendants SAE and SAFELA to put a stop transfer order on their books and records as to, and restraining transfer pledge, hypothecation, sale or other transfer (otherwise than to plaintiff judgment creditor Arrowhead or Arrowhead's

designee) of any right, title or interest in or to, (a) shares of The Movie Studio, Inc. which have been acquired or owned by SAE, (b) membership interests in SAFELA which have been acquired or owned by SAE, or (c) any right or interest in or proceeds from time to time under the Multi-Picture Distribution Agreement.

4. For such other and further relief as the Court may deem appropriate in the circumstances.

In this Court's May 2, 2017 Opinion and Order [Doc. #195]:

(a) this Court referred (at p. 1) to the adjudication in its September 16, 2016 Opinion and Order (the "September 16, 2015 Opinion") that Plaintiff Arrowhead is entitled to declaratory judgment that Defendant SAE is liable to the same extent as Seven Arts Filmed Entertainment Limited ("SAFE") on the note and the state-court judgment discussed in that September 16, 2016 Opinion;

(b) this Court so found (at p. 11, fn. 5) "the Court has already entered summary judgment against SAE in the September 16, 2015 Opinion";

(c) this Court further granted (at p. 11) Plaintiff's Rule 37 motion to strike Defendant SAFELA's answer and entered a default judgment against SAFELA; and

(d) this Court stated (at p. 20), with respect to plaintiff Arrowhead's prior Motion for Turnover, Attachment and Restraint, that:

> "... because the Court has now entered judgment against both Defendants, and will enter a final judgment to that end consistent with Federal Rule of Civil Procedure 54, the Court suspects Plaintiff may wish to abandon its claim for pre-judgment relief under Federal Rule of Civil Procedure 64 and focus instead on its arguments under Federal Rule of Civil Procedure 69. For this reason, the Court dismisses Plaintiff's motion without prejudice to its renewal.
>
> .. Because the parties have already had an opportunity to brief this issue, the Court will herein set an expedited briefing schedule for any renewed motion that Plaintiff may wish to file. To the extent Plaintiff seeks to renew arguments,

previously made, however, such arguments need not be briefed anew; Plaintiff can simply advise the Court as such."

In accordance with that May 2, 2017 Opinion and Order, plaintiff so advises the Court that plaintiff renews the arguments previously set forth in its prior Memorandum of Law in support of Its Motion for Turnover and Attachment of Assets of, and Related Relief against, Defendants SAE and SAFELA [Dkt. #166] and Reply Memorandum [Dkt. #169] and applicable law, except plaintiff abandons its claim for pre-judgment relief under Rule 64 and instead requests the Court focus on plaintiff's arguments in that Memorandum of Law and Reply Memorandum and applicable law with respect to Rule 69. Likewise to avoid re-filing voluminous documents, plaintiff refers to the Affidavit of attorney Goldin in support of that plaintiff Motion for Turnover, Attachment and Related Relief and the exhibits attached thereto [Dkt. #167 *et seq.*] and his Reply Affidavit and the exhibits thereto [Dkt. #170 *et seq.*] and requests the Court take notice thereof as fully as if re-filed herewith.

**PLEASE TAKE NOTICE** the Court's May 2, 2017 Opinion and Order [Doc. #195] has ordered that any opposition to this Motion must be filed on or before May 16, 2017 and any reply of Plaintiff must be filed by May 23, 2016.

Dated: May 9, 2017, Allentown, Pennsylvania

/s/Barry L. Goldin
BARRY L. GOLDIN [BG-4637]
*Attorney for Plaintiff Arrowhead Capital Finance Ltd.*
3744 Barrington Drive, Allentown, PA 18104-1759
Tel: (610) 336-6680 Fax: (610) 336-6678 and
240 Madison Avenue, 3rd Fl., New York, New York 10016
Email: barrygoldin@earthlink.net

CC with enclosures: Raymond J. Markovich, Esq. (counsel for defendants/judgment debtors SAE & SAFELA)

ARR70505.2NMTURN