**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
ARROWHEAD CAPITAL FINANCE, LTD.,
      Plaintiff                     14 CIVIL 6512 (KPF)
    -v-
SEVEN ARTS ENTERTAINMENT, INC. and    **ECF Case**
SEVEN ARTS FILMED ENTERTAINMENT
LOUISIANA, LLC,
       Defendants
_____x

**MEMORANDUM OF LAW OF PLAINTIFF/JUDGMENT CREDITOR**
**ARROWHEAD CAPITAL FINANCE, LTD. IN OPPOSITION TO**
**INTERVENOR PICTUREPRO LLC'S IMPROVIDENT MOTION TO QUASH**
**COURT-AUTHORIZED SUBPOENAS AGAINST UNCORK'D**
**ENTERTAINMENT AND PICTUREPRO**

BARRY L. GOLDIN  [BG-4637]
_Attorney for Plaintiff-Judgment Creditor_
_Arrowhead Capital Finance Ltd._
3744 Barrington Drive,
Allentown, PA 18104-1759
Tel:  (610) 336-6680  Fax: (610) 336-6678
     and
1441 Broadway, 5th Fl., NY, NY, 10018
Email: barrygoldin@earthlink.net

**TABLE OF CONTENTS**

Page

I. STATEMENT OF FACTS ................................................................ 2

    1. This Court's Unsatisfied Judgments and Uncured Contempt
    Adjudications against Judgment Debtors/Contemnors SAE, SAFELA
    and Hoffman ............................................................................ 2

    2. Hoffman's Direction to Uncork'd Entertainment to Transfer to PicturePro
    the Proceeds Instead Required to Be Deposited in the Designated New York
    Collection Account, and Held in Trust for and as the Sole and Exclusive
    Property of Arrowhead (the "NY Trust Funds") ................................ 4

    3. The March 2020 Enforcement Subpoenas Served on Uncork'd
    Entertainment and PicturePro .................................................... 5

    4. This Court's April 20, 2020 Endorsed Order ................................ 6

    5. This Court's May 26, 2020 Order Explicitly Authorized Issuance
    of the Subpoenas against PicturePro and Uncork'd ........................ 7

    6. Service of the Court-Authorized May 2020 Subpoena on Non-Party
    Witness Uncork'd Entertainment ................................................ 7

    7. The Court-Authorized May 2020 Document Subpoena on Hoffman
    Affiliate PicturePro .................................................................. 8

    8. Intervenor PicturePro's Untimely and Improvident Motion to Quash
    the Subpoenas against Uncork'd and PicturePro ............................ 9

II. DISCUSSION ........................................................................ 10

    1. PicturePro's Motion to Quash Is Procedurally Improper .............. 10

    2. PicturePro's Motion Is Also without Substantive Merit, But Rather Is
    Yet Another Hoffman Delaying and Concealment Tactic before the Date
    He Is Required to Report to Prison .............................................. 12

        A. Rule 45(a)(2) Explicitly Provides That the Subpoena "Must Issue
        from the Court Where the Action Is Pending" ............................ 12

        B. Rule 45(b)(2) Was Amended During 2013 to Clearly
        Permit Nationwide Service of the Subpoena ............................ 13

Page

C. Non-Party PicturePro Does Not Have Standing to Move to Quash
the Subpoena Issued by this Court against Non-Party Witness
Uncork'd, unless PicturePro Is the Successor in Interest to and
Liable for the Obligations of Defendant/Judgment Debtors SAE and
SAFELA                                                                          14

D. The Two Cases Cited by Movant PicturePro Are Inapposite         15

3. Arrowhead Should Be Awarded the Fees and Costs Which Arrowhead
Has Incurred to Defend against the Improvident Motion to Quash, as the
Motion Was Not "Substantial Justified"                             16

III. CONCLUSION                                                    18

# TABLE OF AUTHORITIES

Page

Cases

*Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.,*
2016 WL 4991623 (SDNY Judge Failla)                                    3

*Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.,*
2017 WL 1787819 (SDNY Judge Failla)                                    3

*Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.,*
739 Fed. Appx. 701 (2d Cir. 2018)                                      3, 6

*Bender v. Tropic Star Seafood, Inc.,*
2008 WL 2824450 (N.D. Fla. 2008)                                       15

*Government Employees Insurance Co., v. Trnovski,*
2018 WL 5281424 (D.NJ)                                                 15

*Gucci America, Inc. v. Bank of China,*
768 F.3d 122 (2d Cir. 2014)                                            15

*Hernandez v. Ocwen Loan Servicing, LLC,*
2018 WL 2298348 (S.D. Fla. 2018)                                       14

*Malibu Media, LLC.,*
2012 WL 5987854 (SDNY)                                                 15

*Nike, Inc. v. Wu,*
349 F.Supp. 3d 310 (SDNY 2018)                                         16

*Universitas Education, LLC v. Nova Group, Inc.,*
2013 WL 57892 (S.D.N.Y.)                                               12,  13, 14

*U.S.A. v. Hoffman*, 2015 WL 8306094 (E.D. La. 2015),
*affirmed* 901 F.3d 523 (5th Cir. 2018), *cert. denied* 139 S. Ct. 2615 (2019)    3-4

*Valle del Sol, Inc., v. Kobach,*
2014 WL 3818490 (D. Kan. 2014)                                         14

*Venus Medical Inc. v. Skin Cancer &Cosmetic Dermatology Center PC,*
2016 WL 159952 (D. Ariz)                                               14

*Wultz v. Bank of China, Ltd.,*
304 F.R.D. 38 (D.D.C. 2014)                                            14

(iii)

Page

<u>Statutes and Rules</u>
Federal Rules of Civil Procedure:
  Rule 26                16
  Rule 37                16
  Rule 45              *Passim*
  Rule 69               5, 7

Judge Katherine Polk Failla's Rules of Practice:
  Rule 3C               11
  Rule 4A               11

Plaintiff/judgment creditor Arrowhead Capital Finance, Ld. ("Arrowhead") hereby opposes the improvident Motion of Intervenor PicturePro LLC ("PicturePro", a Peter Hoffman affiliate) to quash the very document Subpoenas that this Court authorized by this Court's endorsed Order and that thereupon were served on non-party witness Uncork'd Entertainment ("Uncork'd") and PicturePro.    The "Motion to Quash" [ECF Doc. No. 231 *et seq.*] should be denied as:

(i) The Subpoenas were duly authorized by this Court's endorsed May 26, 2020 Order [ECF Doc. No. 229] and served on Uncork'd and PicturePro in accordance with Rule 45(b)(2) (which was amended in 2013 to so expressly permit nationwide service of subpoenas issued by or under auspices of a federal court);

(ii) Uncork'd did not object to service of the Subpoena within the post-service 14 day period provided by Rule 45(d)(2)(B) (and so waived all objections to the Subpoena served on it).    Instead (as described below) Uncork'd counsel has confirmed in writing that Uncork'd "remains willing and prepared to respond to the subpoena"; "it intends to comply"; "we can produce the requested records"; but has requested Arrowhead "extend the responsive deadline to July 6, 2020":

(iii) Intervenor PicturePro has no standing to object to service of the Subpoena on Uncork'd, unless PicturePro is successor of and so liable for the obligations of its predecessors, judgment debtors Seven Arts Entertainment, Inc. ("SAE") and Seven Arts Filmed Entertainment Louisiana, LLC ("SAFELA");

(iv) Philip Stillman, the attorney who purportedly signed and arranged filing of PicturePro's motion in this Court, is not an attorney admitted to practice law in New York and has not been admitted *pro hac vice* to appear in this Court;

1

(v) the Subpoena on PicturePro was also duly served on Raymond Markovich (counsel for Hoffman and his affiliates), the attorney who actually did file for PicturePro its improvident Motion to Quash in this Court;

(vi) Intervenor PicturePro did not comply with this Court's Rules of Practice under which PicturePro was required to hold an in person or telephonic "meet and confer" before addressing a discovery dispute to this Court; to submit a discovery dispute by letter to this Court; and to obtain this Court's leave before filing a motion with respect to a discovery dispute;

(vii) although PicturePro and Peter Hoffman both list their address as 111 Orange Drive, Los Angeles, California (and Philip Stillman lists that address on his letterhead as his California office address), that address has been and is unoccupied; and

(viii) meanwhile, Peter Hoffman (PicturePro's managing member and principal) and his affiliates have not paid any of the sanctions nor purged any of the contempt which this Court ordered, and which the U.S. Court of Appeals for the Second Circuit affirmed, against them.    Rather, the Motion to Quash is another desperate attempt by Hoffman to continue concealing the collection and disposition by him and his affiliates of proceeds required to be deposited into a designated account at Chemical Bank, New York and held "in trust for and as the sole and exclusive property of" Arrowhead.

## I. STATEMENT OF FACTS.

1. This Court's Unsatisfied Judgments and Uncured Contempt Adjudications against Judgment Debtors/Contemnors SAE, SAFELA and Hoffman.

In this case, this Court previously rendered a number of judgments, contempt and sanction orders against defendant/judgment debtors/contemnors SAE and SAFELA and their principal Hoffman, including (among others):

(i) the Court's September 16, 2016 Opinion and Order granting Summary Judgment against defendant SAE (2016 WL 4991623);

(ii) this Court's May 2, 2017 Opinion and Order striking the answer of defendant SAFELA and holding SAE, SAFELA, and their principal Peter Hoffman in contempt (2017 WL 1787819); and

(iii) this Court's Judgment entered June 5, 2018 [Doc. No. 221] in favor of Arrowhead and against defendants SAE and SAFELA jointly and severally.

This Court's Judgment and other adjudications were affirmed, 739 Fed. Appx. 701 (2d Circ. 2018).

This Court's June 5, 2018 Judgment so held SAE and SAFELA jointly and severally liable for (among other things) (a) the New York state court judgment against their predecessors, and (b) for "all duties, liabilities and obligations of" their predecessors under the Arrowhead Note, Master Agreement, Financing and Security Agreements, and related agreements [Doc. 221 at pp. 3-4].

This Court's June 5, 2018 Judgment also adjudged and decreed "Arrowhead has valid, first priority and superior Copyright Mortgages and security interests in the Collateral (as defined in the Master Agreement)" and is entitled to enforce "all Arrowhead's rights and remedies with respect to the Collateral" [Doc. 221 at pp. 3-4].

However, judgment debtors SAE and SAFELA have never paid a penny of, and so remain jointly and severally liable to Arrowhead for more than $1.9 million, under that Judgment. Likewise, contemnors SAE, SAFELA and Hoffman also never paid any of the sanctions nor otherwise purged any of the contempt which this Court adjudicated against them, and so should be barred from initiating further proceedings in this Court.

Meanwhile, Peter Hoffman's jury conviction on more than 20 counts of wire fraud, mail fraud, and conspiracy in *U.S.A. v. Hoffman*, 2015 WL 8306094 (E.D. La.

2015) has been *affirmed*, 901 F.3d 523 (5th Cir. 2018), and *certiorari denied* 139 S. Ct. 2615 (2019). On February 19, 2020, Peter Hoffman was sentenced to a term of 20 months in prison and, upon conclusion of his 20-month prison term, will be subject to another two years of supervised release. He has been ordered to report for prison on July 20, 2020 (delayed from April 20, 2020 in light of the coronavirus epidemic) [Goldin Aff. Ex. 12].[1]

2. Hoffman's Direction to Uncork'd Entertainment to Transfer to PicturePro the Proceeds Instead Required to Be Deposited in the Designated New York Collection Account, and Held in Trust for and as the Sole and Exclusive Property of Arrowhead (the "NY Trust Funds").

Plaintiff/judgment creditor Arrowhead recently obtained a copy from another proceeding of Peter Hoffman testimony in which he admits including SAE (which apparently has a $4 million net operating loss) as the "largest single member" of his new affiliate PicturePro LLC ("PicturePro") [see his testimony, previously filed as Doc. No. 226-1 (Tr. pp. 27-28)].

Arrowhead then obtained a copy of the Operating Agreement dated "as of December 12, 2015" in which Hoffman instead identifies the three members of PicturePro as himself (as managing member), Larry Nealy, and defendant/judgment debtor SAFELA (rather than judgment debtor SAE) [Goldin Aff. Ex. 14].

Meanwhile, Arrowhead also has obtained and filed with this Court a copy of an Indemnification Letter Agreement dated January 1, 2019, signed by Peter Hoffman for SAE (as its "Authorized Officer"), for SAFELA (as its "Sole Managing Member") and

---

[1] Exhibits 1 through 7D were attached as exhibits to Arrowhead's April 17, 2020 letter to this Court [Doc. No. 226 *et seq*.] and Exhibits 8 through 11 were attached as exhibits to Arrowhead's May 25, 2020 letter to this Court [Doc. No. 228 *et seq*.]. To lessen risk of confusion, Arrowhead has begun the document numbering for documents attached to the accompanying Goldin Affidavit with Exhibit 12.

for PicturePro (as its "Managing Member and Authorized Representative") in which he directs film distribution agent Uncork'd to remit all amounts payable to judgment debtors SAE and SAFELA instead "to the bank account of" his affiliate PicturePro [Doc. No. 226-2 (p. 1 third paragraph)].

However, films referenced in that Indemnification Letter Agreement have been and are part of the Collateral subject to Arrowhead's first priority security interest. Moreover, proceeds of those films and related rights have been and are required to be deposited in the designated Collection Account at Chase Manhattan Bank, NY (the "NY Trust Funds") and held "in trust for and as the sole and exclusive property of Arrowhead" and remitted to Arrowhead.  [See Doc. No. 16-4 repeated at 97-2 (Master Agreement) §§1, 2 and 5.1].

3. The March 2020 Enforcement Subpoenas Served on Uncork'd Entertainment and PicturePro.

Pursuant to Fed. R. Civ. Proc. 69, Arrowhead served post-judgment enforcement discovery requests during March 2020 on defendants/judgment debtors SAE and SAFELA [Doc. No.s 226-3 & 226-4], seeking production of documents and interrogatory answers (as to, among other things, bank accounts, financial statements, and related financial information with respect to those judgment debtors, PicturePro and other Hoffman affiliates and also the membership and operating agreement of PicturePro). Defendants/judgment debtors SAE and SAFELA never filed any motion to quash and did not answer the discovery requests nor produce documents sought [Goldin Aff. ¶18].

During March 2020, Arrowhead also served document Subpoenas pursuant to Rules 69 and 45 on Hoffman's new affiliate PicturePro on its registered agent Peter Hoffman at his California address [Doc. No. 226-5] and on film distribution agent

Uncork'd at its Florida address [Doc. No. 226-6]. Neither PicturePro nor Uncork'd filed any motion to quash the Subpoenas. However, PicturePro refused to produce any discovery whatsoever. Uncork'd produced only a few pages of discovery, having been deterred from producing any further documents by communications received from Peter Hoffman and his most recent counsel in this matter, Philip H. Stillman, Esq.[2] [Goldin Aff. ¶19]

4. This Court's April 20, 2020 Endorsed Order

Arrowhead's April 17, 2020 letter and accompanying documents [Doc. No. 226 *et seq.*] were addressed to and sought relief from this Court with respect to failure of defendants/judgment debtors/contemnors SAE, SAFELA and Hoffman to comply with the discovery requests and their discovery obligations and likewise failure of Hoffman affiliate PicturePro and Uncork'd to comply with the document Subpoenas. In response to Arrowhead's letter, this Court issued its April 20, 2020 Memo Endorsed Order [Doc. 227], which stated that Arrowhead's:

> "Application GRANTED. Judgment debtors Seven Arts Entertainment, Inc. ('SAE') and Seven Arts Filmed Entertainment Louisiana LLC ('SAFELA') are hereby ORDERED to provide responses to Arrowhead's discovery demands contained in Exhibits 3 [Doc. No. 226-3 (discovery requests on judgment debtor SAE)] and 4 [Doc. No. 226-4 (discovery requests on judgment debtor SAFELA)] to the above letter, on or before May 22, 2020.
>
> Further, should Arrowhead wish to serve subpoenas on non-parties to this case, Arrowhead should make an application to the Court, which it will take under advisement."

---

[2] Peter Hoffman has a history of threats and witness intimidation referenced in *Seven Arts Pictures PLC v. Jonesfilm*, 311 F. Appx. 962, 965 (9th Cir. 2009) and *Hoffman v. Salke*, 2008 WL 2895966 (Cal. Ct. App. July 29, 2008), cited by the Second Circuit in *Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.*, *supra* at 704.

Immediately after receipt of this Court's April 20, 2020 Memo Endorsed Order, Arrowhead forwarded that Order by email to counsel for SAE and SAFELA, namely Raymond Markovich, Esq. and Philip H. Stillman, Esq. [Doc. No. 228-1].

5. <u>This Court's May 26, 2020 Order Explicitly Authorized Issuance of the Subpoenas against PicturePro and Uncork'd</u>.

The Friday, May 22, 2020 date set by this Court for delivery of the discovery responses of judgment debtors SAE and SAFELA to Arrowhead passed, but SAE and SAFELA provided no discovery responses whatsoever (no interrogatory answers and no document production). By letter dated May 25, 2020 [Doc. No. 228], Arrowhead informed this Court that, notwithstanding the Court's April 2020 Order requiring judgment debtors SAE and SAFELA to so provide "on or before May 22, 2020" responses to Arrowhead's discovery requests, judgment debtors SAE and SAFELA had provided no discovery responses and so disobeyed this Court's Memo Endorsed Order.

This Court then issued its May 26, 2020 endorsed Order which (pursuant to Rules 69 and 45) explicitly authorized issuance of post-judgment enforcement document Subpoenas against Hoffman affiliate PicturePro and Uncork'd Entertainment.  In the words of that May 26, 2020 Order [Doc. No. 229], Arrowhead's:

> "Application GRANTED.  Plaintiff [Arrowhead] is authorized to issue the subpoenas attached to this letter as Exhibits 10 and 11 to PicturePro LLC and Uncork'd Entertainment, respectively."

6. <u>Service of the Court-Authorized May 2020 Subpoena on Non-Party Witness Uncork'd Entertainment</u>.

Arrowhead then gave notice by email to and so served a copy of the document Subpoena against Uncork'd on Raymond Markovich, Esq. and Philip Stillman, Esq. who

have been serving as counsel for Hoffman affiliates, including (among others) defendant/judgment debtors SAE and SAFELA [Goldin Aff. Ex. 15]

On June 4, 2020 Arrowhead's process server served by hand the document Subpoena on Uncork'd, requiring Uncork'd produce the responsive documents to Arrowhead by June 25, 2020 at 10:00 a.m. [Goldin Aff. Ex. 16].

More than 14 days passed since that June 4, 2020 service of that document Subpoena on Uncork'd, but Uncork'd never served any objection to nor filed any motion to quash the Subpoena [Goldin Aff. ¶26]. Thus, pursuant to Rule 45(d)((2)(B) the period for Uncork'd to object or file a motion to quash the Subpoena expired and any objection of Uncork'd Entertainment was waived.

Likewise, during the 14 days after service of the document Subpoenas, PicturePro also served no objection nor motion to quash the Subpoenas served on Uncork'd or PicturePro, and so waived any objection thereto [Goldin Aff. ¶27].

Rather, Uncork'd counsel (Laura Lewis, Esq.) delivered a June 23, 2020 email [Goldin Aff. Ex. 17] confirming that Uncork'd "remains willing and prepared to respond to the Subpoena"; that Peter Hoffman, Raymond Markovich, and Philip H. Stillman "do not represent Uncork'd"; and that

> "Uncork'd intends to comply. We can produce the requested records. We respectfully ask that you [Arrowhead] extend the responsive deadline to July 6, 2020."

7. The Court-Authorized May 2020 Document Subpoena on Hoffman Affiliate PicturePro.

On May 27, 2020 Arrowhead again gave notice by email to and so served Notice and a copy of the document Subpoena against PicturePro on Raymond Markovich, Esq.

and Philip Stillman who have been serving as counsel for Hoffman and Hoffman affiliates [Goldin Aff. Ex. 18].[3]

More than 14 days passed since May 27, 2020 service of that document Subpoena on attorneys Markovich and Stillman for PicturePro, but PicturePro did not timely serve any objection to nor timely file any motion to quash the Subpoena [Goldin Aff. ¶30]. Thus, pursuant to Rule 45(d)((2)(B) the period for PicturePro to object or file a motion to quash the Subpoena expired and any objection of PicturePro was waived.

8. Intervenor PicturePro's Untimely and Improvident Motion to Quash the Subpoenas against Uncork'd and PicturePro.

On June 19, 2020 (more than 14 days after service of the Subpoena), a Motion to Quash was filed in this Court by PicturePro purportedly signed in the name of attorney Philip Stillman [Doc. No. 231 *et seq.*]. However, Stillman is not licensed to practice law in New York; has not been admitted *pro hac vice* in this Court; and his application to appear *pro hac vice* was rejected by the Court's June 19, 2020 "Notice Regarding Deficient Motion to Appear Pro Hac Vice" because not accompanied by the required documentation or payment.

Moreover, although the filing was purportedly signed by Stillman, the filing was made by and through the ECF filing registration of Raymond Markovich (long-time counsel for Hoffman and Hoffman affiliates in this and other cases) [see Doc. No. 231, the Court's Notice of Electronic Filing].

---

[3] Arrowhead was informed by "Direct Legal Support" (a Los Angeles, California process server) that during the period from May 29 through June 18, 2020 it made eight separate trips to the 115 Orange Drive, Los Angeles, California address listed with the Secretary of State of California as PicturePro's address for service of process (and also listed as the residence address of Peter Hoffman and on Philip Stillman's letterhead as his California law office address), but that no one was ever present at that address [see Goldin Aff. Ex.s 13 & 21].

By June 22, 2020 email to attorney Markovich, Arrowhead requested that he withdraw the improvident Motion to Quash [Goldin Aff. Ex. 19].  Markovich responded by June 22, 2020 email in which Markovich admitted that he "did review" the motion to quash "before filing" and did file the Motion to Quash for PicturePro on this Court's ECF system [Ex. 20], but refused to withdraw the Motion to Quash.

Prior to filing that Motion to Quash neither Stillman, Markovich nor anyone else ever sought to have or conducted an in-person or telephonic "meet and confer", nor submitted a letter to this Court, as required by (and thus they filed the Motion to Quash in violation of) this Court's Rules of Practice [Goldin Aff. ¶35].

Moreover, as described below, the Motion to Quash is plainly without merit.

Rather, the Motion to Quash is yet another improper delaying tactic of Hoffman, his affiliates, and their counsel to withhold and conceal evidence of their misconduct against Arrowhead – particularly as Hoffman is scheduled to report to prison on July 20, 2020 for a 20-month prison term [Goldin Aff. ¶¶36-37].  Arrowhead therefore requests an award of legal fees and costs incurred for having to defend against and oppose the improvident Motion to Quash of Hoffman and his affiliate PicturePro.

## II. DISCUSSION.

1. PicturePro's Motion to Quash Is Procedurally Improper.

PicturePro's motion to quash is procedurally improper in at least three respects.

First, the motion was filed in the name of and purportedly signed by an attorney named Philip Stillwell who is not an attorney admitted to practice law in the state of New York and whose motion for *pro hac vice* admission has been rejected by the Court for a series of inadequacies.

Second, this Court's rules require a party to a discovery dispute first attempt to resolve the dispute by in person or telephonic "meet and confer".  See this Court's Rule of Practice 3C which states:

> "Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute."

Contrary to this Court's rules, PicturePro did not attempt to conduct "in person or by telephone" any such "meet and confer" before filing its improvident motion [Goldin Aff. ¶35].

Third, this Court's rules also require that party seeking to file a discovery motion first submit to the Court a letter motion.  This Court's Rule of Practice 3C so states:

> "If the meet-and-confer process does not resolve the dispute, the party seeking discovery shall promptly file on ECF a letter motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful."

Likewise, this Court's Rule of Practice 4A states:

> "Pre-motion submissions are required for ... motions concerning discovery. Motions concerning discovery are discussed in Section 3(C) above."

However, PicturePro did not submit any pre-motion letter to, or otherwise seek leave from this Court, to file its improvident Motion to Quash the Subpoenas at issue [Goldin Aff. ¶35].

PicturePro did not comply with this Court's procedures because (among other things) its managing member and principal Peter Hoffman is scheduled to report to prison on July 20, 2020 for a 20-month prison term.  They seek -- by non-compliance with this Court's procedures -- to drag out and delay non-compliance with the Subpoenas until Hoffman is safely in prison and then can assert his incarceration as a reason for the

failure to comply with the Subpoenas (with which he and his affiliates should have complied long ago).

## 2. PicturePro's Motion Is Also without Substantive Merit, But Rather Is Yet Another Hoffman Delaying and Concealment Tactic before the Date He Is Required to Report to Prison.

Directly on point in *Universitas Education, LLC v. Nova Group, Inc.*, 2013 WL 57892 (S.D.N.Y.) in which the U.S. District Court for the Southern District of New York (the court in which the action to enforce the judgment was pending) declined to quash post-judgment discovery that had been served against out-of-state non-party witnesses in Connecticut as part of judgment creditor's efforts to enforce its judgment. As that decision observed, a judgment creditor is entitled under Rule 69 to broad discovery to enforce its judgment in the issuing court; that post-judgment discovery includes document subpoenas from the issuing court on non-parties; and a movant seeking to quash "bears the burden of persuasion on a motion to quash". In the words of that decision, *Id.* at *1-2:

> "'[B]road post-judgment discover in aid of execution is the norm in federal and New York state courts.' *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). Pursuant to Rule 69 of the Federal Rules of Civil Procedure, '[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.' [citations omitted]. 'In its efforts to enforce a judgment, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor' *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, 2012 WL 1933558 at *4 (SDNY). …
> Rule 45 … applies in post-judgment discovery and authorizes a party's attorney to issue both document and deposition subpoenas. *GMA Accessories, supra* at *4. … The movant bears the burden of persuasion on a motion to quash. *John Wiley & Sons, Inc. v. Does No.s 1-30*, 284 F.R.D. 185, 189 (SDNY 2012)."

## A. Rule 45(a)(2) Explicitly Provides That the Subpoena "Must Issue from the Court Where the Action Is Pending".

Rule 45(a)(2) explicitly requires that the subpoena "must issue from the court where the action is pending". Because Arrowhead seeks to enforce the Judgment entered by this Court (and thus the court in which this "action is pending"), this Court was and is the proper court to so "issue" the enforcement Subpoenas.

This Court's endorsed May 26, 2020 Order [Doc. No. 229] so properly and explicitly authorized Arrowhead to serve the Subpoenas on witnesses Uncork'd and PicturePro for the subpoenaed documents; the Subpoenas served on and received by Uncork'd and PicturePro included the very documents requests which this Court had so explicitly authorized; and thus the document Subpoenas at issue are the very Subpoenas which this Court so explicitly authorized.

B. Rule 45(b)(2) Was Amended During 2013 to Clearly Permit Nationwide Service of the Subpoena.

Rule 45(b)(2) was amended during 2013 to clearly permit nationwide service of subpoenas. That rule, entitled "Service in the United States', explicitly states "A subpoena may be served at any place within the United States." The Committee Notes for the 2013 amendment to Rule 45(b)(2) further state:

> "Rule 45(b)(2) is amended to provide that a subpoena may be served at any place within the United States, removing the complexities prescribed in prior versions."

Moreover, pursuant to Rule 45(f) any motion with respect to the subpoena may be heard in the court which issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances".

Accordingly, case law has repeatedly permitted the federal court in which an action is pending to issue a subpoena for service on a non-party witness in another state. For instance, in *Universitas Educ., supra* at *2, the federal court in New York held that a

subpoena served against non-party witnesses in Connecticut was properly served on and enforceable against those witness, and so denied their motions to quash the subpoena. *See also Hernandez v. Ocwen Loan Servicing, LLC*, 2018 WL 2298348 (S.D. Fla. 2018) (federal court through whom subpoena was issued held it had jurisdiction to hear a dispute as to subpoena served in another state because objector had appeared to object in the issuing court).

*See also Valle del Sol, Inc., v. Kobach*, 2014 WL 3818490 (D. Kan. 2014) (as a subpoena had been issued by the federal district court in Arizona but served on a non-party witness in Kansas, the Kansas federal court transferred the motion to compel compliance with the subpoena to the issuing federal court in Arizona). To like effect *see Venus Medical Inc. v. Skin Cancer &Cosmetic Dermatology Center PC*, 2016 WL 159952 at *2-3 (D. Ariz); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38 (D.D.C. 2014).

In the case at hand, PicturePro filed its motion to quash in this Court and thus has clearly consented (and in any event waived objection) to this Court's ruling on PicturePro's motion to quash the subpoena.

C. <u>Non-Party PicturePro Does Not Have Standing to Move to Quash the Subpoena Issued by this Court against Non-Party Witness Uncork'd, unless PicturePro Is the Successor in Interest to and Liable for the Obligations of Defendant/Judgment Debtors SAE and SAFELA</u>.

As the Court also observed in *Universitas Educ., supra* at *5-6, even a defendant/ judgment debtor does not have standing to move to quash a post-judgment subpoena issued against non-party witnesses. The court ruled:

> "A party lacks standing to challenge subpoenas issued to non-parties [citations omitted]. Instead, a non-subpoenaed party has standing only if it has a privilege, privacy, or proprietary interest in the documents sought  *See Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (SDNY 2002); *see also Solow v Conseco, Inc.*, 2008 WL 190340 at *3 (SDNY 2008).

Similarly, in *Bender v. Tropic Star Seafood, Inc.*, 2008 WL 2824450 at *2 (N.D. Fla. 2008), the Court observed:

> "in the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness. *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2nd Cir. 1975), citing 5A J. Moore, Federal Practice P45.05(2), (2d ed. 1974) [other citations omitted]"

Other cases have also denied motions to quash subpoenas on grounds that movant lacks standing to quash a subpoena against a non-party witness. See for instance *Government Employees Insurance Co., v. Trnovski*, 2018 WL 5281424 at *2-3 (D.NJ); *Malibu Media, LLC.*, 2012 WL 5987854 at *2 (SDNY).

PicturePro's one-page motion, two-page memorandum of law, and two-page Hoffman Declaration [Doc. No. 231] do not assert any privilege, privacy, or proprietary interest of PicturePro in the documents sought.

In fact, movant PicturePro is not even a party to action -- unless it admits to being a successor in interest to, bound by, and liable to Arrowhead under the adjudications which this Court has entered against defendant/judgment debtors SAE and SAFELA.

PicturePro's motion to quash is further fatally flawed by its failure to differentiate between a court's jurisdiction to issue a subpoena to enforce its judgment [as set forth in Rule 45(a)(2)] and subsequent jurisdiction over that witness in the court which must enforce the subpoena (here resolved by PicturePro's appearance in this Court, and thus consent to this Court's jurisdiction, to resolve enforcement of the subpoena).

D. The Two Cases Cited by Movant PicturePro Are Inapposite.

The two cases cited by movant PicturePro are inapposite. The first case cited, *Gucci America, Inc. v. Bank of China*, 768 F.3d 122, 141 (2d Cir. 2014) involved both a

subpoena issued in 2010 (before adoption of the 2013 amendment to rule 45(b)(2) which now permits nationwide service of a Subpoena) and enforcement against a foreign bank (Bank of China) raising issues of comity. Likewise, *Nike, Inc. v. Wu*, 349 F.Supp. 3d 310 (SDNY 2018), did not even address Rule 45(b)(2) or nationwide service of a subpoena, as the court (which had issued both the judgment to be enforced and the subpoenas at issue) found it had jurisdiction in New York over the deponent Banks.

3. Arrowhead Should Be Awarded the Fees and Costs Which Arrowhead Has Incurred to Defend against the Improvident Motion to Quash, as the Motion Was Not "Substantially Justified".

Pursuant to Rule 26(c)(2), upon denial in whole or in part of a motion for a protective order, the court may order that any party or person provide or permit discovery. In the words of the Rule:

> "Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery."

Rule 26(c)(3) further states that "Rule 37(a)(5) applies to the award of expenses."

In turn, Rule 37(a)(5)(B) states that if a motion for a protective order is denied, the court must "require the movant, the attorney filing the motion, or both to pay the party who opposed the motion … its reasonable expenses incurred in opposing the motion, including attorney's fees", unless the motion was substantially justified.

In the case at hand, PicturePro through its managing member Hoffman and their counsel filed their improvident Motion to Quash although they knew this Court's endorsed Order had already authorized issuance of the Subpoenas against PicturePro and Uncork'd [Goldin Aff. Ex. 15 (p.1) & Ex. 18 (p.1)]; the motion to quash was and is

procedurally improper; the motion to quash was also substantively improper; and thus their motion was not "substantially justified".

Moreover, Hoffman and his affiliates have a lengthy adjudicated history in and known to this Court of discovery abuses (including without limitation withholding and concealing discovery and disobeying discovery Orders) for which they have been held in contempt by this and other Courts; but Hoffman and his affiliates have never cured their outstanding discovery obligations, nor paid any of the sanctions awarded against them, nor purged their contempt.

As this Court is also aware, the fees charges by Arrowhead's counsel (attorney Goldin), of only $300 per hour, are substantially lower than the prevailing fees charged by New York counsel having his more than 44 years of experience in matters of this kind.

As set forth in the attached Goldin Affidavit, attorney Goldin has incurred a total of 21.1 hours of time charges for Arrowhead in researching and preparing this Memorandum of Law and his Affidavit in opposition to the improvident Motion to Quash filed by PicturePro through Hoffman and their attorneys Markovich and Stillman. Arrowhead has thus incurred fees and costs of $6,388.60 to oppose the improvident Motion to Quash, consisting of fees for attorney Goldin's time of $6,330.00 ($300 per hour for 21.1 hours) and out-of-pocket costs of $58.60 (for legal research, copying, filing and other costs) to oppose the improvident Motion to Quash.

Accordingly, Arrowhead requests that Arrowhead be awarded fees and costs of not less than that $6,388.60 against PicturePro, Peter Hoffman, Raymond Markovich, and Philip Stillman, jointly and severally, for their procedurally and substantively improper filing of, and refusal to withdraw, their improvident Motion to Quash.

## III. **CONCLUSION.**

WHEREFORE, plaintiff/judgment creditor Arrowhead requests that this Court:

(i) DENY PicturePro's procedurally and substantively improper Motion to Quash;

(ii) ORDER Uncork'd to produce (not later than the July 6, 2020 date Uncork'd has

agreed) all responsive documents sought by the Subpoena served on it;

(iii) ORDER PicturePro to produce by a date set by the Court (but in any event well

before the July 20, 2020 date Peter Hoffman is required to report to prison) all responsive

documents sought by the Subpoena addressed to it; and

(iv) as the Motion to Quash was without "substantial justification", AWARD Arrowhead

against PicturePro, Peter Hoffman, Philip Stillman, and Raymond Markovich, jointly and

severally, legal fees and costs of not less than $6,388.60, which Arrowhead has incurred

to oppose the procedurally and substantively improper Motion to Quash that they filed

and refused to withdraw with respect to the Subpoenas previously authorized by this

Court's endorsed Order.

Dated: June 26, 2020        /s/Barry L. Goldin
                            BARRY L. GOLDIN, ESQ/ [BG-4637]
                            *Attorney for Plaintiff-Judgment Creditor*
                            *Arrowhead Capital Finance Ltd.*
                            3744 Barrington Drive,
                            Allentown, PA 18104-1759
                            Tel: (610) 336-6680  Fax: (610) 336-6678
                                    and
                            1441 Broadway, 5th Fl., NY, NY, 10018
                            Email: barrygoldin@earthlink.net

ARRR000620.1OPPMEMPP