UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARROWHEAD CAPITAL FINANCE, LTD.,

Plaintiff,

-v.-

SEVEN ARTS ENTERTAINMENT, INC., and SEVEN ARTS FILMED ENTERTAINMENT LOUISIANA LLC,

Defendants,

PICTURE PRO LLC,

Intervenor.

14 Civ. 6512 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Before the Court are Intervenor Picture Pro LLC's ("PPL") motion to quash subpoenas issued to PPL and non-party Uncork'd Entertainment ("UCE"), in connection with Plaintiff Arrowhead Capital Finance, Ltd.'s post-judgment discovery efforts (Dkt. #231), and Plaintiff's request for an order to compel PPL to comply with the subpoenas, attorneys' fees and costs arising out of litigating PPL's motion, and sanctions against PPL and non-party Peter Hoffman for their efforts to deter UCE from complying (*see* Dkt. #233, 239, 245). For the reasons set forth below, the Court denies PPL's motion to quash and denies Plaintiff's requests.

**PROCEDURAL HISTORY**

The Court issued judgment in this matter in favor of Plaintiff on June 5, 2018. (Dkt. #221). On March 4, 2020, Plaintiff caused to be served on UCE a

subpoena issued in the name of this Court seeking production of documents in support of post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2). (*See* Dkt. #226-6). On March 16, 2020, Plaintiff served Peter Hoffman, as an officer of PPL, with a subpoena seeking the same. (*See* Dkt. #226-5). Neither Picture Pro nor UCE complied with the subpoenas, prompting Plaintiff to file a letter with the Court on April 17, 2020, requesting, *inter alia*, that the Court confirm its "jurisdiction to issue Subpoenas in aid of enforcement of [its] adjudications … against out-of-state deponents (whether against PicturePro, Uncork'd Entertainment or otherwise.)" (Dkt. #226 at 3). PPL lodged its objection to the subpoenas on personal jurisdiction grounds in a letter to the Court dated April 18, 2020. (*See* Dkt. #231-1, Ex. B). The Court issued an endorsement on April 20, 2020, directing Plaintiff to submit an application with the Court if it desired to serve subpoenas on non-parties. (Dkt. #227). On May 25, 2020, Plaintiff filed a request for an Order from this Court authorizing Plaintiff to serve a second set of subpoenas on PPL and UCE. (Dkt. #228). The Court granted authorization to issue the subpoenas on May 26, 2020. (Dkt. #229).

On June 19, 2020, attorney Raymond Markovich, counsel to Defendants Seven Arts Entertainment, Inc. and Seven Arts Filmed Entertainment Louisiana LLC, filed a motion to quash the subpoenas on behalf of PPL and its counsel, Philip H. Stillman. (Dkt. #231). The same day, Mr. Stillman filed an incomplete motion to appear *pro hac vice*. On June 22, 2020, the Court ordered Plaintiff to respond to PPL's motion. (Dkt. #232). Plaintiff filed its

response on June 26, 2020. (Dkt. #233). Mr. Stillman filed PPL's reply on June 29, 2020 (Dkt. #234), and Mr. Markovich filed a reply on his own behalf on June 30, 2020 (Dkt. #235). With leave of the Court, Plaintiff filed a supplemental memorandum of law and affidavit in opposition to the motion to quash on September 3, 2020 (Dkt. #239-240), to which Mr. Stillman replied on September 6, 2020 (Dkt. #241).

On January 7, 2021, the Court issued an Order to Show Cause why the motion to quash should be not be denied as improperly filed due to Mr. Stillman's failure to complete his *pro hac vice* application and properly appear in the matter on behalf of PPL. (Dkt. #242). Mr. Stillman responded to the Order to Show Cause on January 14, 2021 (Dkt. #244), and subsequently perfected his motion for admission *pro hac vice* (Dkt. #247). Also on January 14, 2021, Plaintiff filed a supplemental letter reiterating points and requests previously made in response to the motion to quash. (Dkt. #245). The Court granted Mr. Stillman's motion to appear on January 19, 2021. (Dkt. #248). The Court now resolves PPL's motion to quash and Plaintiff's pending requests for: (i) an order to compel PPL to comply with the subpoenas, (ii) attorneys' fees and costs arising out of litigating PPL's motion, and (iii) sanctions against PPL and non-party Peter Hoffman.

**DISCUSSION**

PPL seeks to quash the subpoenas issued in the name of this Court seeking documents held by PPL and UCE on the basis that this Court does not have personal jurisdiction over either PPL or UCE. (*See* Dkt. #231). Per the

Declaration of Peter Hoffman in support of the motion to quash, PPL is a Colorado limited liability company with its principal place of business in Los Angeles, California, and has not made any affirmative contacts with New York on any relevant matter. (*See* Dkt. #231-2 at ¶ 5). UCE is a Texas limited liability company and likewise made no affirmative contacts with New York on any relevant matter. (*Id.* at ¶ 4). UCE did not separately object to the subpoenas issued to them and it is the Court's understanding that UCE has now produced a substantial volume of responsive documents. (*See* Dkt. #239 at 12). Plaintiff argues that PPL's motion should be denied on several grounds and requests that the Court order PPL and UCE to comply with the subpoenas, award to Plaintiff attorneys' fees and costs resulting from of PPL's noncompliance and motion to quash, and issue sanctions against PPL and non-party Peter Hoffman for their obstructive conduct. (*See* Dkt. #233, 239, 245).

Plaintiff's use of subpoenas to obtain documents from PPL and UCE, in furtherance of post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2), is governed by Federal Rule of Civil Procedure 45. The provisions of Rule 45 also dictate how the Court must resolve PPL's motion and Plaintiff's requests. Rule 45(a) provides that "[a] subpoena must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), and that it may be signed and issued by an attorney authorized to practice in the issuing court, *see id.* at (a)(3). Rule 45(b) requires that a subpoena be served by "delivering a copy to the named person," *id.* at (b)(1), and authorizes service "at any place within the

United States," *id.* at (b)(2). Rule 45(c)(2)(A) enables an issuing party to command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person [subject to the subpoena] resides, is employed, or regularly transacts business in person[.]" The Court concludes that the substance of Plaintiff's subpoenas to PPL and UCE and the manner of issuance and service comply with all of these provisions. (*See* Dkt. #226-5, 226-6, 233-1 at 8-9, 233-6, 233-8). However, PPL and Plaintiff err in their failure to adhere to various subparts of Rule 45(d).

*First*, turning to PPL's motion to quash, the Court notes that subsection (d)(3) of Rule 45 dictates that a motion to quash a subpoena must be timely filed with "the court for the district where compliance is required," *not* with the issuing court. Fed. R. Civ. P. 45(d)(3)(A), (B); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)."); *KGK Jewelry LLC* v. *ESDNetwork*, No. 11 Civ. 9236 (LTS) (RLE), 2014 WL 1199326, at *2 (S.D.N.Y. Mar. 21, 2014). The purpose of this requirement is to protect non-parties subject to subpoenas from the burdens of litigating in the issuing district rather than in their home district and to ensure that the court adjudicating a subpoena dispute has personal jurisdiction over the non-party. *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d)

and (e) that motions be made in the court in which compliance is required under Rule 45(c).”); 9 Moore’s Federal Practice – Civil § 45.50 (2020) (“The proper court in which to file a motion to quash or modify the subpoena is the court for the district where compliance is required … because a district court must have personal jurisdiction over a nonparty to compel compliance with a subpoena.” (citing Fed. R. Civ. P. 45(d)(3)(A); *Gucci Am., Inc.* v. *Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015))).

Thus, while this Court was properly named as the issuing court, it is not the proper court to receive PPL’s motion to quash. *See KGK Jewelry*, 2014 WL 1199326, at *2. Because the subpoenas issued to PPL require compliance in Los Angeles (*see* Dkt. #225-5, 233-8), where PPL has its principal place of business (*see* Dkt. #231-2 at ¶ 5), PPL should have brought its motion in the United States District Court for the Central District of California. Without making any judgment about whether PPL has standing to move to quash the subpoenas issued to UCE, the Court notes that the place of compliance for those subpoenas is DeLand, Florida, which falls under the purview of the United States District Court for the Middle District of Florida. Accordingly, PPL’s motion to quash is denied without prejudice to PPL’s ability to bring a motion in the proper forum.

*Second*, the Court considers Plaintiff’s requests directed at obtaining PPL’s compliance and other relief. When a party subject to a subpoena objects to the subpoena, Rule 45(d)(2)(B)(i) provides that “[a]t any time, on notice to the commanded person, the serving party *may move the court for the district where*

*compliance is required* for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added); *see also* Fed. R. Civ. P. 37(a) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. … A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). Accordingly, Plaintiff's motion, like PPL's, is properly addressed in the first instance to the United States District Court for the Central District of California. *See, e.g.*, *Madigan* v. *Bronstein*, No. 18 Misc. 61 (WHP), 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018) ("[A]ny motion to compel would properly be brought in the Eastern District of New York — not this Court — because the subpoena requires attendance at a deposition and production of documents in Brooklyn."); *United States ex rel. Ortiz* v. *Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016); *JMC Rest. Holdings, LLC* v. *Pevida*, No. 14 Civ. 6157 (WFK) (VMS), 2015 WL 2240492, at *2-3 (E.D.N.Y. May 12, 2015) (collecting cases). The motion is not cognizable in this Court unless and until it is transferred to this Court pursuant to Rule 45(f). Therefore, Plaintiff's request for an order compelling compliance with the subpoenas and other relief to address PPL's noncompliance must also be denied, without prejudice to Plaintiff's ability to bring such requests in the United States District Court for the Central of California.

**CONCLUSION**

For the reasons set forth above, PPL's motion to quash the subpoenas issued to PPL and UCE is DENIED without prejudice. Plaintiff's request to

compel compliance with the subpoenas and for attorneys' fees and sanctions is also DENIED without prejudice. The Clerk of Court is directed to terminate the motion at Docket No. 231.

SO ORDERED.

Dated: February 5, 2021
New York, New York

KATHERINE POLK FAILLA
United States District Judge