UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARROWHEAD CAPITAL FINANCE, LTD., <br><br> Plaintiff, <br><br> -v.- <br><br> SEVEN ARTS ENTERTAINMENT, INC., and SEVEN ARTS FILMED ENTERTAINMENT LOUISIANA LLC, <br><br> Defendants, <br><br> PICTURE PRO LLC, <br><br> Intervenor. | 14 Civ. 6512 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court presumes familiarity with the tortuous procedural history of this case, some of which has been detailed in prior decisions of this Court. *See, e.g., Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, No. 14 Civ. 6512 (KPF), 2016 WL 4991623 (S.D.N.Y. Sept. 16, 2016), *opinion withdrawn in part on reconsideration,* No. 14 Civ. 6512 (KPF), 2017 WL 1653568 (S.D.N.Y. May 2, 2017), *and aff'd,* 739 F. App'x 701 (2d Cir. 2018) (summary order); *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.,* No. 14 Civ. 6512 (KPF), 2017 WL 1787819, at *1 (S.D.N.Y. May 2, 2017), *aff'd,* 739 F. App'x 701; *Arrowhead Cap. Fin., Ltd.* v. *Seven Arts Ent., Inc.,* No. 14 Civ. 6512 (KPF), 2017 WL 3394604, at *1 (S.D.N.Y. Aug. 8, 2017); *Arrowhead Cap. Fin., Ltd.* v. *Seven Arts Ent., Inc.,* No. 14 Civ. 6512 (KPF), 2021 WL 411379, at *1 (S.D.N.Y. Feb. 5, 2021).

As relevant here, on June 5, 2018, the Court issued judgment in this matter in favor of Plaintiff Arrowhead Capital Finance Ltd., and against Defendants Seven Arts Entertainment, Inc. ("SAE") and Seven Arts Filmed Entertainment Louisiana LLC ("SAFELA") (collectively, "Defendants"), in the amount of $2,496,159.50 plus interest accruing at an annual rate of nine percent from October 10, 2012, forward. (Dkt. #221). Defendants appealed from the judgment, which was affirmed by the Second Circuit. (*See* Dkt. #223 (mandate)). In April 2020, Plaintiff filed one of several applications to compel post-judgment discovery from Defendants. (Dkt. #226; *see also* Dkt. #228, 236, 250).

On December 27, 2024, Plaintiff moved for an order requiring SAE to turn over its membership and other interests in a Colorado limited liability company, Picture Pro, LLC ("PPL"). (Dkt. #255-259). In support, Plaintiff included numerous exhibits evidencing SAE's interests in PPL. (Dkt. #258). SAE filed no opposition. Instead, PPL submitted an opposition as intervenor, claiming deficiencies in service and a failure to comply with Colorado law. (Dkt. #260). Conferences were held to discuss Plaintiff's motion on January 29 and February 6, 2025. (Minute Entries for January 29, 2025, and February 6, 2025). During the second conference, counsel for PPL suggested that he could represent both PPL and SAE.[1]

---

[1]  The Court reviewed the record with greater care after the February 6, 2025 telephone conference, and does not believe that Mr. Stillman can speak for SAE, even if he has purported to do so in the past. Mr. Stillman had initially entered a notice of appearance in March 2020 as substitute counsel for SAFELA and SAE. (Dkt. #225). The Court did not understand at the time that he was not admitted to practice in this District, and therefore could not represent either Defendant. Thereafter, in June 2020, Mr. Stillman

2

**APPLICABLE LAW**

**A.  Judgment Enforcement Proceedings in Federal Courts in New York**

"Federal courts have the authority to enforce their judgments, and retain jurisdiction over supplementary proceedings to do so." *Teamsters Loc. 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds* v. *CRL Transp., Inc.*, No. 18 Civ. 2056 (KMK), 2020 WL 3619048, at *3 (S.D.N.Y. July 2, 2020), *cited in Reich* v. *Casabella Landscaping, Inc.*, No. 21 Civ. 9327 (AEK), 2024 WL 4950033, at *2 (S.D.N.Y. Dec. 3, 2024). To that end, Federal Rule of Civil Procedure 69 provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1).  The Rule also requires that "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, [though] a federal statute governs to the extent it applies." *Id.*; *accord CSX Transp., Inc.* v. *Island Rail Terminal, Inc.*, 879 F.3d 462, 469 (2d Cir. 2018).

Here, because there is no applicable federal statute, the Court must look to the law of New York State.  Article 52 of New York's Civil Practice Law and Rules ("CPLR") governs the enforcement and collection of money judgments in

---

filed a motion for admission *pro hac vice* ("PHV"), but only to represent Intervenor Picture Pro LLC. (Dkt. #230).  Mr. Stillman's PHV application was deficient, and was not corrected until January 2021, at which time the Court authorized him to serve as counsel for PPL. (Dkt. #248).  Accordingly, though Mr. Stillman may have purported to represent SAE in the past, he does not appear to have been authorized to do so, and the Court will not consider him to have spoken for SAE during the February 6, 2025 conference.

New York. *See* N.Y. C.P.L.R. §§ 5201-5253; *Tire Eng'g & Distrib. L.L.C.* v. *Bank of China Ltd.*, 740 F.3d 108, 110 (2d Cir.), *certified question accepted*, 22 N.Y.3d 1113 (2014), *and certified question withdrawn*, 22 N.Y.3d 1152 (2014), *and certified question answered sub nom. Motorola Credit Corp.* v. *Standard Chartered Bank*, 24 N.Y.3d 149 (2014); *Koehler* v. *Bank of Bermuda Ltd.*, 544 F.3d 78, 85 (2d Cir.), *certified question accepted*, 11 N.Y.3d 801 (2008), *and certified question answered*, 12 N.Y.3d 533 (2009).

Plaintiff here seeks relief under CPLR Section 5225 (Dkt. #262 at 7), which provides, "where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor." N.Y. C.P.L.R. § 5225(a); *see generally Peterson* v. *Bank Markazi*, 121 F.4th 983, 1004 (2d Cir. 2024). Conversely, where property is not in the possession of a judgment debtor, Section 5225 "allows a judgment creditor to commence a [special] proceeding to order a third party to turn over the judgment debtors' assets." *Tire Eng'g*, 740 F.3d at 110; *see also* N.Y. C.P.L.R. § 5225(b); *Major League Baseball Props., Inc.* v. *Corp. de Television y Microonda Rafa, S.A.*, No. 19 Civ. 8669 (MKV) (GWG), 2023 WL 405768, at *2 (S.D.N.Y. Jan. 26, 2023) ("Fed. R. Civ. P. 69(a) makes sections 5225(a) and 5225(b) applicable in federal court."), *adopted by* 2023 WL 2625794 (S.D.N.Y. Mar. 24, 2023).

The Second Circuit has explained that CPLR Section 5225(b)

> provides for a two-step analysis in determining whether property belonging to a judgment debtor — but in the possession of a third party — should be turned over to a judgment creditor. First, it must be shown that the judgment debtor "has an interest" in the property the creditor seeks to reach. Where this first step is satisfied, the trial court must, second, then make one of two findings: it must find either that the judgment debtor is "entitled to the possession of such property," *or* it must find that "the judgment creditor's rights to the property are superior" to those of the party in whose possession it is. Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor[.]

*Beauvais* v. *Allegiance Secs., Inc.*, 942 F.2d 838, 840-41 (2d Cir. 1991). A proceeding brought under Rule 69(a) and CPLR Section 5225(b) "is like that of a summary judgment motion." *Deflora Lake Dev. Assocs., Inc.* v. *Hyde Park*, No. 13 Civ. 4811 (CS), 2016 WL 7839191, at *2 (S.D.N.Y. June 9, 2016), *aff'd*, 689 F. App'x 93 (2d Cir. May 3, 2017) (summary order). Accordingly, "[a] court may grant summary relief where there are no questions of fact[.]" *CSX Transp., Inc.*, 879 F.3d at 473 (quotation marks omitted). And while Section 5225 directs that personal property besides money be turned over to a designated sheriff, a court retains the discretion to order personal property be directly turned over to the judgment creditor. *See* N.Y. C.P.L.R. § 5240 ("The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."); *see also 79 Madison LLC* v. *Ebrahimzadeh*, 166 N.Y.S.3d 126, 129

5

(1st Dep't 2022) ("The court providently exercised its discretion in ordering a direct turnover, given that the value of defendant's membership interest is uncertain and that defendant has obstructed plaintiff's efforts to pursue the judgment[.]" (collecting cases)).

### B.     Property Subject to Turnover

"A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested." N.Y. C.P.L.R. § 5201(b). Such property includes ownership and membership interests in a limited liability company. *See, e.g., 245 Park Member LLC* v. *HNA Grp. (Int'l) Co. Ltd.*, 674 F. Supp. 3d 28, 39 (S.D.N.Y. 2023), *aff'd*, No. 23-842-cv, 2024 WL 1506798 (2d Cir. Apr. 8, 2024) (summary order); *Hotel 71 Mezz Lender LLC* v. *Falor*, 14 N.Y.3d 303, 314 (2010) (concluding that "defendants' ownership/membership interests in 22 out-of-state limited liability companies — is akin to intangible contract rights, and is clearly assignable and transferable"); *79 Madison LLC*, 166 N.Y.S.3d at 128 ("An interest in an LLC 'is clearly assignable and transferable' ... and it is not exempt under CPLR 5205."); *Sirotkin* v. *Jordan, LLC*, 35 N.Y.S.3d 443, 445 (2d Dep't 2016) ("A membership interest in a limited liability company is clearly assignable and transferrable, and, therefore, such interest is property for purposes of CPLR article 52."); *Gliklad* v. *Chernoi*, 12 N.Y.S.3d 65, 67-68 (1st Dep't 2015) (concluding that judgment creditor was entitled to turnover from judgment debtor of his interest in LLC).

## DISCUSSION

### A. The Court Finds Service to Have Been Proper

Somewhat curiously, PPL's counsel begins by challenging service on SAE, arguing that "Arrowhead has not personally served [or otherwise] provided notice to Defendants through any authorized agent or counsel of record," and requesting that "[n]o action … be taken until such service and notice are confirmed with filed proofs of service." (Dkt. #260 at 1). Such an opening is rich, given SAE's steadfast refusal to appear for two separate conferences scheduled with respect to this application. (Dkt. #261, 266). More pointedly, the argument is factually and legally incorrect, given Plaintiff's counsel's multifarious efforts to serve SAE and PPL through their present and former counsel. (*See* Dkt. #263 at ¶¶ 4-9). *See* Fed. R. Civ. P. 5-6, Local Civ. R. 5.2, 6.1; *cf. Juka Innovations Corp.* v. *Uxoz Direct*, No. 18 Civ. (ADS) (AYS), 2020 WL 13680679, at *7 (E.D.N.Y. Apr. 20, 2020) ("Service on defense counsel has been held, under appropriate circumstances, to be 'reasonably calculated, under all the circumstances' to provide notice and an opportunity to be heard to the party served." (collecting cases)).

The argument, however, raises a larger point: SAE did not respond to Plaintiff's motion. In consequence, it has waived any arguments it has to that motion. *See United States* v. *Maranatha Hum. Servs., Inc.*, No. 18 Civ. 8892 (KMK), 2024 WL 967093, at *13 (S.D.N.Y. Mar. 5, 2024) (finding that plaintiff who failed to respond to defendant's argument that it could articulate a legitimate, non-discriminatory reason for its actions had waived any such

7

argument). At most, the Court has permitted PPL to make arguments as an intervenor whose rights may be impacted by the Court's resolution of the motion. *See* Fed. R. Civ. P. 24 (discussing permissible bases of intervention). Ultimately, because the Court must satisfy for itself that Plaintiff has established factual and legal bases for turnover, it will consider PPL's arguments.

## B. Plaintiff Has Established a Basis for Turnover of SAE's Membership Interests in PPL

Plaintiff has presented conclusive evidence that SAE has a discernable property interest in PPL, to which Plaintiff is entitled by dint of the Court's judgment. This evidence includes PPL's Operating Agreement and two amendments thereto, which make clear that SAE has been a member of PPL since the first amendment to the Operating Agreement on January 2, 2018. (Dkt. #258-16, 258-17, 258-18; *see also* Dkt. #258-19 to 258-26 (public filings and Form K-1's from and regarding SAE)). Through that first amendment, SAE became entitled to (i) 100% of the profits from the exercise of certain specified stock rights and the receipt of certain common stock, thereby increasing SAE's capital account; (ii) 15% of the profits from the sale or disposition of the common stock; and (iii) the ability to impact SAE's net operating loss through transactions affecting its capital account. (Dkt. #258-17). Through a second amendment on January 2, 2021, SAE was deemed to own 250 units of the 2,000 units comprising PPL, and, further, was entitled to "100% of income from film rights licensing or sale received by the Company." (Dkt. #258-18 at 2; *see*

*also id.* (noting that this allocation was to be distributed to two other members "as both shall direct")).

PPL does not contest that SAE has an ownership interest in it. Instead, it argues that SAE was required to domesticate its judgment in Colorado, where PPL is incorporated, before it could pursue enforcement remedies concerning that interest. (Dkt. #260 at 2). Not so. Both federal and state courts in New York have confirmed that CPLR Article 52 permits New York courts to "appl[y] New York law to order turnovers of foreign LLCs." *245 Park Member LLC*, 674 F. Supp. 3d at 40 (collecting cases). As the Second Circuit has explained:

> In *Hotel 71 Mezz Lender LLC* v. *Falor*, 926 N.E.2d 1202 (N.Y. 2010), the New York Court of Appeals held that a membership interest in an out-of-state LLC is assignable and transferable under New York enforcement procedures. This decision forecloses HNA Int'l's argument. The Court of Appeals found that "defendants' ownership/membership interests in 22 out-of-state limited liability companies" — some of which were formed in Delaware — were "clearly assignable and transferable." *Hotel 71*, 926 N.E.2d at 1209. Those interests constituted "property against which a money judgment may be enforced as provided in section 5201." *Id.* at 1208 (quoting N.Y. C.P.L.R. § 6202). New York law, rather than Delaware law, controls the question. This conclusion is further supported by *79 Madison LLC* v. *Ebrahimzadeh*, 166 N.Y.S.3d 126 (App. Div. 1st Dep't 2022), on which the District Court also relied. There, the court found that a turnover petition under Article 52 could "be granted with respect to the interest that the judgment debtor concedes he owns in an LLC," even if the LLC was formed in Delaware. *Id.* at 128.
>
> We see no reason to reach a different result here. HNA Int'l's interest in a Delaware LLC is property against which the judgment may be enforced under New York's

9

> enforcement procedures, which HNA Int'l concedes apply. The District Court thus properly concluded that "New York courts have applied New York law to order turnovers of foreign LLCs." *245 Park Member LLC*, 674 F. Supp. 3d at 40.

*245 Park Member LLC*, 2024 WL 1506798, at *3. Accordingly, Arrowhead was not required to domesticate its judgment in Colorado, but instead could pursue remedies by means of a supplemental proceeding in this Court.

As a fallback position, PPL argues that Colorado law forecloses the turnover of membership interests in an LLC, and allows, at most, the turnover of SAE's right to receive distributions. (Dkt. #260 at 2). This argument, too, is foreclosed by New York law. In particular, New York courts have found that state statutes that govern the internal operations of an LLC are trumped by New York law in turnover proceedings. For example, the judgment debtor in *79 Madison LLC* v. *Ebrahimzadeh* argued that the judgment creditor in a turnover proceeding could receive only a charging lien, and not his membership interest. 166 N.Y.S.3d at 128. The Appellate Division rebuffed this argument, finding that "the internal affairs doctrine applies to relationships between a company and its directors and shareholders; it does not apply where the rights of third parties external to the corporation are at issue." *Id.* (internal citations and quotation marks omitted); *see also Nat'l Auditing Servs. & Consulting, LLC* v. *511 Prop., LLC*, 209 N.Y.S.3d 28 (1st Dep't 2024) (memorandum decision) ("Contrary to respondents' contention, the internal affairs doctrine, Limited Liability Company Law § 801, does not apply to a proceeding to turnover a membership interest in a foreign limited liability company, where that interest

10

is owned by the judgment debtor. In such a proceeding, New York law applies." (citing *79 Madison LLC*)); *Talking Capital Windup LLC* v. *Omanoff*, Index No. 650973/2017, 2024 WL 4924054, at *1 (N.Y. Sup. Ct. Nov. 26, 2024) ("Plaintiffs are entitled to turnover of this interest and not merely a charging order. California law is irrelevant to this motion." (internal citations omitted)). The Second Circuit has concluded similarly. *See, e.g.*, *245 Park Member LLC*, 2024 WL 1506798, at *3 n.2 ("Because we conclude that the District Court correctly determined that New York law controls the enforcement proceeding and permits the turnover of membership interests in Delaware-based LLCs, we need not address whether Delaware law permits only the assignment of a member's economic interests, or whether Delaware law authorizes only charging liens against such interests.").

## CONCLUSION

Plaintiff Arrowhead has demonstrated that Defendant SAE has a membership interest in PPL that is subject to turnover under New York law. Accordingly, the Court ORDERS SAE to, within five business days of this Order: (i) turn over and assign to Plaintiff and Plaintiff's successors and assigns all rights, titles, and interests in, and so deliver to Plaintiff's counsel all certificates and other documents evidencing, ownership of SAE membership and other ownership interests in (including without limitation all distribution rights with respect to) PPL; (ii) effectuate transfer to and full vesting in Plaintiff of all SAE's membership and other ownership interests in and all rights to distributions from PPL; and (iii) deliver to Plaintiff an assignment duly signed

11

by SAE's managing member confirming that SAE has turned over and assigned to Plaintiff and Plaintiff's successors and assigns all of, and that SAE does not retain any, membership and other ownership interests in and rights to distributions from PPL.

SO ORDERED.

Dated: February 18, 2025
       New York, New York

KATHERINE POLK FAILLA
United States District Judge