**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

ARROWHEAD CAPITAL FINANCE, LTD.,

               Plaintiff,

      - against -

SEVEN ARTS ENTERTAINMENT, INC., and
SEVEN ARTS FILMED ENTERTAINMENT
LOUISIANA LLC,

               Defendants

PICTUREPRO, LLC,

               Intervenor

14 Civ. 6512 (KPF)
**ORDER**

------------------------------------------------------------------x

KATHERINE POLK FAILLA, District Judge:

    WHEREAS this Court has carefully reviewed and considered the Notice of Motion and Motion of Plaintiff Judgment Creditor Arrowhead Capital Finance, Ltd. ("Arrowhead") for Turnover by Intervenor PicturePro, LLC of Shareholdings, Films, Distributions and Other Rights Formerly Held by or for Defendant/Judgment Debtor Seven Arts Entertainment, Inc. and Related Relief (the "Motion") and the accompanying Memorandum of Law, Affidavit of Barry L. Goldin, Esq. and exhibits thereto, and Certificate of Service, and the opposition papers and reply papers relating to that Motion;

    WHEREAS in connection therewith this Court has carefully reviewed and considered applicable law with respect to the Motion including (without limitation) Federal Rules of Civil Procedure 24, 65 and 69 and Rules 5201, 5225, and 5240 and related provisions of the New York Civil Practice Law and Rules, and such other decisions and provisions of law as this Court deems applicable;

1

WHEREAS, as used in this Order, the term "FILMS" shall mean all motion pictures and related rights in or as to which PicturePro has had, now has, holds, or purports to have an interest or has received or may receive licensing, sale or other proceeds, including (without limitation) any of the following motion pictures and related rights in which defendant/judgment debtors Seven Arts Entertainment, Inc. ("SAE") and Seven Arts Filmed Entertainment, Louisiana, LLC ("SAFELA") formerly had, and in which intervenor PicturePro acquired and has, an interest:

(i) A Broken Life
(ii) Autopsy
(iii) Back in the Day
(iv) The Believer
(v) Boo!
(vi) Cemetery Gates
(vii) Deal
(viii) Knife Edge
(ix) Night of the Demons
(x) Nine Miles Down
(xi) Noise
(xii) The Pool Boys
(xiii) Shooting Gallery a/k/a Pool Hall Prophets a/k/a Backspin
(xiv) Schism a/k/a Fractured
(xv) Stander

**NOW THEREFORE, IT IS ORDERED** that the Motion is GRANTED; and it is further:

1. ORDERED that intervenor PicturePro and its managing member Peter Hoffman shall immediately (but in any event not later than five days after entry of this Order) unconditionally turn over, assign, and fully vest in Arrowhead and its successors and assigns, and deliver to Arrowhead an assignment duly signed and notarized for PicturePro by its Managing Member Peter Hoffman unconditionally turning over, assigning, and fully vesting in Arrowhead and its successors and assigns (the "PicturePro

2

Assignment"), all certificates, rights, titles, and interests which PicturePro has been or may be holding or has or may have acquired in and with respect to (a) any and all shares, options to acquire shares, and other rights in and with respect to Magic Leap, Inc., (b) any and all shares and other rights with respect to 360 Global, Inc., (c) any and all FILMS and distributions from licensing, sale, or otherwise of FILMS, and (d) any and all agreements and other documents (whether emails or other correspondence, royalty statements, Form 1099's, or otherwise) evidencing, relating to, concerning, or with respect to items (a), (b), or (c) hereto.

2. ORDERED that intervenor PicturePro and its managing member Peter Hoffman shall immediately (but in any event not later than five days after entry of this Order) unconditionally deliver to Arrowhead a certificate, duly signed by and notarized for Peter Hoffman as Managing Member for and on behalf of PicturePro, stating in detail:

(i) each and all of the FILMS (whether or not hereinabove listed) in or as to which PicturePro has had, now has, holds, or purports to have an interest or has received or may receive licensing, sale or other proceeds;

(ii) a complete and accurate film-by-film accountings with respect to all proceeds from, licensing, sale or otherwise of each FILM separately listing (a) all proceeds received by or for PicturePro with respect to such FILM from and after December 30, 2024 (the date on which Arrowhead filed its Motion for Turnover and Assignment in this action [Doc. 256 *et seq.*]) through entry of this Court's Order, including the full name and address of the payor, date and amount thereto, and all distributions thereof (including the payee, date, and amount, of such distribution), (b) all proceeds received by or for PicturePro with respect to such FILM prior to December 30, 2024, including the full name and

address of the payor. Date and amount so paid by such person or entity to or for PicturePro, and (c) all proceeds payable after entry of this Court's Order and the full name and address of the person or entity by or from whom so payable, and

3. ORDERED that intervenor PicturePro and its managing member Peter Hoffman shall immediately (but in any event not later than five days after entry of this Order) deliver a copy of this Order, the duly signed and notarized PicturePro Assignment and a notice duly signed by PicturePro and Peter Hoffman to Magic Leap, Inc., 360 Global Leap, Inc., each of the film distributors and distribution agents (including without limitation Amazon.com, Amazon Digital, Compact Collections, ContraCorriente, LoneStar Media, Universal Music Group, Walt Disney Company), and other persons and entities required to be identified under item 1, 2 and/or 3 above, instructing and directing each of them that pursuant to this Order and the PicturePro Assignment they are required to forward and deliver all royalty statements, reports, communications, and other documents and all royalties, payments, and other remittances directly to Arrowhead's counsel (attorney Barry L. Goldin, Esq.) for the benefit of Arrowhead, at attorney Goldin's address set forth below (or as Arrowhead may from time to time otherwise in writing direct):

    Barry L. Goldin, Esq.
    3744 Barrington Drive
    Allentown, PA 18104-1759
    Tel: 610-336-6680
    Email: barrygoldin@earthlink.net

4. ORDERED that intervenor PicturePro and its managing member Peter Hoffman shall immediately (but in any event not later than seven days after entry of this Order) file in this Court and deliver to Arrowhead a certificate, duly signed by and notarized for Peter Hoffman as Managing Member of PicturePro that PicturePro has duly delivered to

Arrowhead the PicturePro Assignment, and all stock certificates, agreements, notices and other documents as required by and otherwise fully complied with items 1, 2, and 3 above, and a complete copy of all notices delivered pursuant to item 3 above; and

5. ORDERED that PicturePro, and its managing members (whether Peter Hoffman or otherwise), and their affiliates are hereby enjoined and restraining from having or otherwise purporting to have, and from holding themselves out as having or otherwise purporting to have, any right, title or interest in (or otherwise challenging, disputing, clouding title to, disparaging, or otherwise interfering with) any right, title, or interest assigned to Arrowhead and its successors and assigns, with respect to any shareholding, agreement, certificates, FILM or other property or rights or any distribution, remuneration or payment which this Court has ordered be turned over and assigned to and vested in Arrowhead.

Counsel for Picture Pro LLC is directed to promptly send the February 18, 2025 Turnover Order (Dkt. #268) and this Turnover Order, as well as the transcript of the June 25, 2025 conference, to the judge of the Superior Court of California, County of Los Angeles, presiding over *Picture Pro, LLC* v. *Isolation Network Inc.*, No. 25STCV17343.

Dated:    June 26, 2025
          New York, New York

_____
The Hon. Katherine Polk Failla
United States District Judge

5