# STILLMAN & ASSOCIATES

3015 NORTH BAY ROAD, SUITE B
MIAMI BEACH, FL 33140

TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@stillmanassociates.com



PHILIP H. STILLMAN
ADMITTED IN MASSACHUSETTS

115 North Orange Drive
Los Angeles, California 90036

April 21, 2025

By email to Failla_NYSDChambers@nysd.uscourts.gov

Honorable Katherine Polk Failla
United States District Court
40 Foley Square, Room 2103
New York, NY 10007

    Re:    <u>Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. and Seven Arts Filmed Entertainment Louisiana LLC, Case No. 1:14-cv-06512-KPF</u>

Your Honor,

    Picture Pro LLC ("Picture Pro") through counsel makes this pre-motion submission requesting a schedule for Picture Pro's Motion for a Protective Order pursuant to FED. R. CIV. P. 26(c)(1)(A) precluding Picture Pro from having to respond to Arrowhead Capital Finance Ltd.'s ("Arrowhead") written requests for post-judgment discovery propounded to Picture Pro, including Requests for Production of Documents pursuant to Rule 34 and Interrogatories pursuant to Rule 33, received by Picture Pro on March 21, 2025.

    Picture Pro is neither a "party" defendant to this action or a judgment debtor and therefore is not subject to discovery pursuant to Rules 33 and 34. Arrowhead's position is that pursuant to FED. R. CIV. P. 69(a)(2), it can use any method of prejudgment discovery provided for in the Federal Rules for obtaining post-judgment discovery in aid of execution. Although that may be true regarding the judgment debtor, it is not applicable to non-judgment debtors such as Picture Pro.

    This distinction was recognized in your April 20, 2020 Order [ECF 227] wherein you stated that "should Arrowhead wish to serve subpoenas on non-parties to this case, Arrowhead should make an application to the Court, which it will take under advisement." Arrowhead is apparently contending that because it has

Honorable Katherine Polk Failla
United States District Court
April 21, 2025
Page 2 of 4

propounded written discovery to Picture Pro, and not a second subpoena *duces tecum*, no application to the Court is required. Therefore, Picture Pro seeks a protective order providing that such discovery need not be responded to. FED, R. CIV. P. 26(c)(1)(A).

Additionally, even if such written discovery to non-debtor third parties was appropriate generally, it is not in this case because Picture Pro only intervened in this action to object to a subpoena served by Arrowhead. As this Court is aware, Picture Pro first filed a special appearance in this action by a Motion to Quash Rule 45 Subpoena [ECF No. 231] served on Picture Pro by Arrowhead.[1] In that Motion, Picture Pro specifically objected to personal jurisdiction over it in this action or in New York [ECF No. 231-2]. This Court denied the Motion to Quash but also denied Arrowhead's Motion to Compel Compliance in its Order of February 5, 2021 ("2/5/21 Order") [ECF No. 249]. In this Order, the Court held that the proper venue for enforcement of a Rule 45 subpoena was in District Court for the Central District of California.

"A special appearance allows a party to appear in an action . . .to contest jurisdiction without waiver. . .; it is not a procedural vehicle to require a non-party to an action to appear and litigate an issue." *In re Kumaran,* 2025 U.S. Dist. LEXIS 62360 (S.D.N.Y. April 1, 2025) (Woods, J.). Picture Pro's special appearance to challenge Arrowhead's Rule 45 subpoena or its turnover order directed to Picture Pro does not make it a "party" to the litigation for other purposes. *Townsend Farms, Inc. v. Goknur Gida Maddeliri Energie,* 2020 U.S. Dist. LEXIS 232288 (S.D.N.Y. 2020) at *6 ("A party may appear in an action for the purpose of challenging personal jurisdiction without submitting itself to the jurisdiction by making the challenge.")

In response to the 2/5/21 Order, Arrowhead filed a miscellaneous action, *Arrowhead Capital Finance, Ltd. v. Picture Pro LLC,* 21-ms-00300 in the Central District of California. After Picture Pro's objections were overruled, Picture Pro filed compliant and sufficient responses and at present there are no ongoing proceedings in this action. Arrowhead has not sought to serve another Rule 45 subpoena on Picture Pro and any such subpoena would be an abuse of the Rules after

---

[1] By that point, the case had long been over, and a judgment entered against Seven Arts Entertainment, Inc. and Seven Arts Filmed Entertainment Louisiana LLC. Accordingly, Picture Pro could not be a "party" to that underlying litigation by intervening to challenge the propriety of the subpoena served on it.

Honorable Katherine Polk Failla
United States District Court
April 21, 2025
Page 3 of 4

four years of litigation on the original Rule 45 subpoena and the sufficiency of Picture Pro's compliance thereto.

Arrowhead has now "doubled down" on its improper invocation of the jurisdiction of this Court by a new Motion for Turnover [ECF No. 276] purportedly seeking turnover of <u>Picture Pro</u> assets to satisfy the Judgment against <u>Seven Arts Entertainment Inc.</u> ("Seven Arts"). This Court ordered Picture Pro to respond to this Motion by May 1, 2025 [ECF No. 281]. This Motion seeks turnover of assets that Picture Pro either does not own or does not possess in satisfaction of a Judgement to which it is not a party without establishing personal jurisdiction over Picture Pro. The Motion for Turnover is a nullity for many reasons to be addressed in Picture Pro's Opposition to be filed by May 1, 2025.

This Court has no personal jurisdiction over Picture Pro and hence Arrowhead's purported discovery requests to Picture Pro and its Motion for Turnover must be dismissed on this ground, even before reaching the additional substantial objections of Picture Pro. The statements in the Declaration of Peter M. Hoffman [ECF No. 231-2] remain as true today as when made more than four years ago: Picture Pro has no office in New York. Picture Pro has no contracts or negotiations with any New York resident arising out of this dispute. Picture Pro has no contacts with New York, not just no "minimum contacts" required for this Court to have specific jurisdiction over Picture Pro.

As the Court is aware, the Supreme Court revised the limits on so-called "long arm" jurisdiction of state and federal courts in *Walden v. Fiore,* 571 U.S. 277, 284-85 & n. 6 (2014) ("*Walden*") and *Bristol-Myers Squibb Co. v. Superior Court,* 582 U.S. 255, 265 (2017) ("*Bristol*"): "the defendant's suit-related conduct must create a substantial connection with the forum state."  The *defendant* "must have purposefully availed itself of the privileges of conducting activities within the forum State." As *Walden,* 571 U.S. at 284-85: "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State. . .Second, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State, not the defendant's contacts with persons who reside there."

As held in a leading case in this District, the burden of proof is on the plaintiff to show that the defendant is "essentially at home" in the forum State. *Beskrone v. Berlin,* 656 F. Supp. 3d 496, 507 (S.D.N.Y. 2023) ("*Beksrone*") following *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 242-43 (2d Cir. 2007). And the plaintiff may

Honorable Katherine Polk Failla
United States District Court
April 21, 2025
Page 4 of 4

not rely on contacts by affiliated parties with the forum State based on this reasoning as held in the leading case, *Arcadia Biosciences, Inc. v. Vilmorin & Cie.,* 356 F. Supp. 3d 379, 387 (S.D.N.Y. 2019) (Rakoff, J.). There must be proof that a contract has been negotiated or was to be performed in the forum State in non-tort claims. *Beskrone,* 656 F. Supp. 3d at 510.

      Arrowhead cannot establish that any of these tests are even approached, much less met. Picture Pro has absolutely no contacts with New York regarding the underlying claims by Arrowhead against Seven Arts. Indeed, Picture Pro has no contacts at all with New York on any business. No "suit-related" conduct of Picture Pro created any contact with the forum State except Picture Pro's special appearances to defend against Arrowhead's improper use of this Court against Picture Pro. Picture Pro has not "purposefully availed itself" of any "privileges" associated with New York. It follows that this Court has no personal jurisdiction over Picture Pro and any actions must proceed in the Central District as this Court has already ordered in the 2/5/21 Order pursuant to a properly issued and served subpoena pursuant to either Ruel 45 or New York state law.

      Picture Pro will expand on this briefing and provide Declarations in its Opposition to be filed against Arrowhead's entirely improper Motion for Turnover. Therefore, the foregoing is not a complete of the rights of Picture Pro in the premises which will be set forth in a more formal Motion for Protective Order and supporting Declarations from Mr. Hoffman, Mark Curcio and John Bryan.

      Very truly yours,

      STILLMAN & ASSOCIATES

      By: _____
           Philip Stillman

cc: Barry Goldin

Intervenor Picture Pro LLC ("PPL") has advised the Court that the above submission (Dkt. #282) encompasses the totality of its arguments for a protective order, and that it does not wish to file further briefing on the issue.  After considering the arguments made in this submission and by the parties during the telephonic conference held on June 25, 2025, and after reviewing again the record of this case, the Court DENIES PPL's motion for a protective order.  In so doing, the Court incorporates by reference the oral decision it rendered at the June 25, 2025 conference. In brief, even if the Court were to credit PPL's assertion that when it intervened in the case in June 2020, it did so for the limited purpose of moving to quash subpoenas issued by Plaintiff Arrowhead Capital Finance Ltd. on the grounds of lack of personal jurisdiction, that effort ended with the Court's February 5, 2021 denial of PPL's motion to quash and its correlative denial of Plaintiff's motion to compel.  (Dkt. #249).

Four years later, PPL renewed its status as an intervenor in this case; this time, when it moved to challenge Plaintiff's motion for a turnover, it raised service and state-law arguments, but elected not to renew its challenge to the Court's personal jurisdiction over it.  (*See* Dkt. #260).   See *Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V.* v. *Pemex-Exploracion y Produccion*, 832 F.3d 92, 100-01 (2d Cir. 2016) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.  The actions of the defendant may amount to a legal submission to the jurisdiction of the court[.]  Therefore, [t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly." (internal quotation marks and citations omitted)); *see generally Eletson Holdings, Inc.* v. *Levona Holdings Ltd.*, No. 23 Civ. 7331 (LJL), 2025 WL 1335511, at *1 (S.D.N.Y. May 7, 2025) (collecting cases for proposition that moving to intervene is incompatible with a challenge to personal jurisdiction).  As a party to this litigation, PPL is subject to discovery.  *See* Fed. R. Civ. P. 24; *see also Eletson Holdings, Inc.* v. *Levona Holdings Ltd.*, No. 23 Civ. 7331 (LJL), 2025 WL 1369730, at *10 (S.D.N.Y. May 9, 2025).

PPL is ORDERED to respond to Plaintiff's discovery requests on or before **July 18, 2025.**  The Clerk of Court is directed to terminate the motion at docket entry 282.

                              SO ORDERED.

Dated:    June 26, 2025
          New York, New York

                              HON. KATHERINE POLK FAILLA
                              UNITED STATES DISTRICT JUDGE