UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARROWHEAD CAPITAL FINANCE, LTD., Plaintiff, -v.- SEVEN ARTS ENTERTAINMENT, INC. and SEVEN ARTS FILMED ENTERTAINMENT LOUISIANA LLC, Defendants, PICTURE PRO LLC, Intervenor. | 14 Civ. 6512 (KPF) **ORDER** |

KATHERINE POLK FAILLA, District Judge:

On June 23, 2026, the Court received a notice of substitution of attorney filed by Corey D. Boddie of Boddie & Associates, P.C., who claimed to be acting on Plaintiff's behalf in requesting that the Court substitute Mr. Boddie in place of Mr. Goldin as counsel of record for Plaintiff, as well as a proposed order of substitution. (Dkt. #349-350). Mr. Boddie filed a notice of appearance on the same day. (Dkt. #351). Then, on June 25, 2026, Mr. Boddie filed a letter regarding subpoenas that Mr. Goldin had issued on behalf of Plaintiff and described them as "unauthorized." (Dkt. #353). And on June 30, 2026, in response to objections raised by Mr. Goldin, Mr. Boddie informed the Court that "Attorney Scott Oh of [his] firm w[ould] contemporaneously file to be admitted pro hac vice for Arrowhead in this proceeding" and participate as counsel in this case. (Dkt. #354).

True to Mr. Boddie's word, Mr. Oh filed a motion for admission *pro hac vice* on July 6, 2026. (Dkt. #357). Without authorization or approval from this Court, Mr. Oh then filed notices of withdrawal of the subpoenas described above. (Dkt. #358-359). Mr. Goldin promptly filed his opposition to Mr. Oh's motion and supporting papers. (Dkt. #360-363). In response, Mr. Oh filed a motion to strike Mr. Goldin's opposition (Dkt. #365) as well as a letter informing the Court that despite Mr. Boddie's above-description and his own affidavit that he submitted in support of his *pro hac vice* motion, in which he claimed to serve as "Of Counsel with the law firm of Boddie & Associates P.C." (Dkt. #357), he now intended to proceed in his capacity as an attorney of his own law firm (Dkt. #366).

The Court finds it extremely difficult to believe the narrative presented by Mr. Boddie and Mr. Oh. It agrees with Mr. Goldin that there are numerous conflicts of interest that disqualify the Boddie & Associates, P.C., law firm and any associated attorneys from representing Plaintiff. *See, e.g.*, *Hempstead Video, Inc.* v. *Inc. Vill. of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005) ("In cases of concurrent representation, we have ruled it is 'prima facie improper' for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." (quoting *Cinema 5, Ltd.* v. *Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976))).

For the foregoing reasons, Mr. Oh's motion for admission *pro hac vice* is DENIED. It is hereby ORDERED that Mr. Oh shall not file any further submissions on the docket without the Court's express permission, except that

he is directed to file a letter explaining to the Court why his purported representation of Plaintiff is proper and does not raise conflicts of interest on or before **July 31, 2026**. The Clerk of Court is directed to strike the notices of withdrawal of subpoena at docket entries 358 and 359 as improperly filed. The Clerk of Court is further directed to terminate the pending motions at docket entries 357, 365, and 366.

SO ORDERED.

Dated: July 20, 2026
New York, New York

KATHERINE POLK FAILLA
United States District Judge